**Order filed January 20, 2017**



In The

# Eleventh Court of Appeals

_____

## No. 11-17-00008-CR

_____

## STEVEN CRUZ, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 50th District Court**
**Baylor County, Texas**
**Trial Court Cause No. 5627**

### O R D E R

Steven Cruz has filed a notice of appeal from the trial court's denial of his motion for a free reporter's record. In this order, we address the matter of Appellant's indigence and the trial court's denial of Appellant's motion.

Appellant was convicted of the offense of aggravated sexual assault of a child in September 2016. On December 8, 2016, Appellant filed a motion in the trial court in which he requested a free reporter's record for his appeal. *See* TEX. R.

APP. P. 20.2. The trial court conducted a hearing on the motion. Only one witness testified at the hearing: Appellant.

Appellant testified that he had been incarcerated since his conviction. Appellant testified that, at the time of the hearing, he was not employed and had no source of income whatsoever. He also testified that he owned no real property, stocks, bonds, or other assets. Appellant indicated in a document that was admitted as an exhibit at the hearing that he was indigent, had no income, and had no way of paying for a reporter's record or clerk's record for his appeal.

The record indicates that the trial court appointed counsel to represent Appellant at trial because Appellant was indigent at that time. The trial court had permitted Appellant's previously retained counsel to withdraw because that counsel believed that Appellant could no longer afford him. At the close of Appellant's trial, the trial court appointed counsel for appeal. At some point prior to the filing of the motion for a free reporter's record, Appellant had again obtained retained counsel. Appellant testified that the attorneys representing him at the postconviction indigence hearing had been retained by Appellant's family. Appellant was unaware of how much money his family had paid to retain counsel for the appeal.

At the conclusion of the hearing, the trial court acknowledged Appellant's testimony regarding his indigence, but it denied Appellant's motion for a free reporter's record. The trial court stated that, because Appellant was "able to engage independent counsel," he would have to pay for the cost of the reporter's record.[1]

An indigent appellant—one who "cannot pay or give security for the appellate record"—is entitled to a free appellate record. TEX. R. APP. P. 20.2; *Tuck v. State*, 215 S.W.3d 411, 414 (Tex. Crim. App. 2007). The determination of indigence is

---

[1]We note that attached to Appellant's notice of appeal in this matter was an e-mail from the court reporter to Appellant's counsel. In that e-mail, the court reporter estimated the cost of the reporter's record to be $6,500, with an additional expense if a copy is supplied to the prosecutor.

made on a case-by-case basis and is based upon the appellant's financial status at the time of the appeal. *McFatridge v. State*, 309 S.W.3d 1, 5 (Tex. Crim. App. 2010); *Tuck*, 215 S.W.3d at 414–15. The Court of Criminal Appeals has adopted a two-step process to guide courts in making indigency determinations for purposes of a free record for appeal. *McFatridge*, 309 S.W.3d at 6. First, the appellant must make a prima facie showing of indigence. *Id.* Once the appellant satisfies his initial burden of production, the burden then shifts to the State to show that the appellant is not indigent. *Id.* Unless there is some basis in the record to find the prima facie showing to be inaccurate or untrue, the trial court should accept it as sufficient to find the appellant indigent. *Id.*

In making an indigence determination, outside sources, such as relatives and employers, are not to be considered unless they are legally bound to pay for the defendant's appellate expenses. *Abdnor v. State*, 712 S.W.2d 136, 142 (Tex. Crim. App. 1986). An appellant should not be deprived of his right to a free reporter's record by the mere fact that he was represented by retained counsel at trial. *Id.* On appeal, we may "uphold a trial court's determination of non-indigence only if the record contains evidence supporting such a determination." *McFatridge*, 309 S.W.3d at 6 (quoting *Whitehead v. State*, 130 S.W.3d 866, 874 (Tex. Crim. App. 2004)).

We conclude that the trial court abused its discretion when it determined that Appellant was not entitled to a free record. Appellant testified at trial and made a prima facie showing of indigence. The State did not meet its burden to show otherwise. Furthermore, the trial court based its ruling on considerations that were not appropriate: the ability of Appellant's family to raise money to hire attorneys to represent him on appeal. *See Abdnor*, 712 S.W.2d at 142.

Consequently, we hold that Appellant is entitled to a free record on appeal. The clerk's record and the reporter's record are now due to be filed in this court—free of charge to Appellant—on or before February 27, 2017.

PER CURIAM

January 20, 2017

Do not publish.  *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.